# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>ALBA ANETTE DUKES,<br><br>　　　　　　　　　　Defendant. | Case No. 17-cr-01810-BAS-1<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE**<br>**(ECF No. 39)** |

　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023.  *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821.  Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history.  *Id.* § 4C1.1(a)(1)–(10).

　　In addition, Part A of these amendments changed the criminal history points added for defendants on post-release status when calculating a defendant's criminal history under U.S.S.G. § 4A1.1.  The original sentencing guidelines provided:

- 1 -

17cr1810

> Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

U.S.S.G. § 4A1.1(d) (before amendment).  The revised guidelines provide:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

*Id.* § 4A1.1(e) (Nov. 1, 2023).

Based on these amendments, Defendant files a Motion to Correct Sentence Based on Retroactive Criminal History Category under U.S.S.G. § 1B1.10. (ECF No. 39.)  Under General Order 755, the Court referred the case to Federal Defenders to work with the Government to determine whether a joint recommendation for modification of sentence was appropriate.  (ECF No. 40.)  Federal Defenders has now filed a Status Report concluding "the Court can decide the motion on the existing record without further assistance of counsel."  (ECF No. 42.)

On October 17, 2017, the Court sentenced Defendant to thirty months in custody for importation of cocaine.  (ECF No. 23.)  She completed that sentence, and on June 5, 2019, she was released on supervised release.  (ECF No. 25.)  On December 17, 2020, the Court issued an arrest warrant for Defendant for violation of supervised released because she was arrested and charged in state court with once again transporting more than twenty kilograms of cocaine.  (ECF No. 26.)  On March 21, 2022, after an admission to the violation, this Court sentenced Defendant to thirty months in custody for the violation of supervised release to run concurrent to her state court sentence.  (ECF Nos. 36, 37.)

Because Defendant is currently in custody for this supervised release violation, neither of the new provisions in the amended sentencing guidelines is applicable.  Although she was initially a zero-point offender, this fact does not impact the calculation of her guideline range after a violation of supervised release.

//

1     Hence, the Motion to Correct Sentence (ECF No. 39) is **DENIED**.

2     **IT IS SO ORDERED.**

4 **DATED: February 16, 2024**

Hon. Cynthia Bashant
United States District Judge